## Case No. 7,095.

### ISAACS v. ABRAMS.

[3 Ban. & A. 616; 14 O. G. 861; Merw. Pat. Inv. 226.] [1]

Circuit Court, D. Massachusetts. Oct. 9, 1878.

Causten Browne and Jabez S. Holmes, for complainant.

John S. Abbott, for defendant.

LOWELL, District Judge. In August, 1876, the complainant obtained a patent, No. 180,017, for an improvement in railway-track brooms. He declares in his specification that, "heretofore, brushes for cleaning railroad-tracks, have been made with a broom of even face—that is, the brush of the broom, of whatever material made, has been of uniform length." He describes his improvement to consist of making the brush of unequal lengths; one part adapted to brushing the surface of the rail, and the other and longer part to clearing either side of the rail, according to its construction. The claim is for: "A railway track broom, constructed with a brush of uneven face—that is, one portion of the brush longer than the other, substantially as and for the purpose set forth."

The defendant has argued that brushes with a uniform surface being well known, no invention was required to construct one with an uneven surface. We cannot take this view of the case. It is not invention to change one well known material for anoth-

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 226, contains only a partial report.]

er, or to apply a well known process, without some adaptation, more than every skilled mechanic could apply, to a new art or subject; but a change in the form of a machine or instrument, though slight, if it works a successful result, not before accomplished in a similar way in the art to which it is applied, or in any other, is patentable. There is evidence that this improvement did accomplish such a result, and that it was accepted and adopted by the trade, and went into general use.

The question of fact is, whether the patentee was the first inventor of this improvement. He carries his invention back, by a fair preponderance of proof, to October, 1874. The defendant alleges that he had made similar brooms many years before 1874, and that the plaintiff, when he did make the new kind of broom, stole it from one of the witnesses in the case. We have examined the evidence, which it would be unprofitable to recapitulate. We are satisfied, not only that the defendant has failed to rebut the presumption afforded by the patent, but that the plaintiff has proved that he was the first and true inventor of the improvement. Interlocutory decree for the complainant.